**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDY GRIFFITH PAPINEAU, individually and as Personal Representative of the Estate of Brooks Papineau, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> HANNAH HEILMAN and CITY OF TACOMA, <br><br> Defendants - Appellants. | No. 13-36176 <br><br> D.C. No. 3:12-cv-05256-RBL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 8, 2016
Seattle, Washington

Before: PAEZ, BYBEE, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Tacoma Police Officer Hannah Heilman appeals the district court's order denying her motion for summary judgment on the basis of qualified immunity. We affirm.

First, taking the facts "in the light most favorable to the party asserting the injury. . . [Heilman's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Heilman testified that she saw Brooks Papineau holding a gun inside the cab of his truck, that he exited his vehicle still holding the gun, and that he turned to face her and pointed the weapon in her direction. But that version of the facts is disputed by the plaintiff, and is undermined by the physical evidence found at the scene and by inconsistencies between Heilman's story and the one told by her fellow officers. For example, the type of gun Heilman testified that she saw Papineau holding looked substantially different from the one found inside his truck, and only Papineau's wallet and keys were found next to his body. Moreover, the location of Papineau's gunshot wounds suggests that he was not facing Heilman when he was first shot, but rather was still stepping out of the truck. Thus, taking the evidence in the light most favorable to the plaintiff, a reasonable jury could find that Papineau never picked up a gun inside the cab of his truck let alone pointed one at Heilman after exiting his vehicle. Under those circumstances, a reasonable jury could also conclude that Heilman's decision to

shoot Papineau as he stepped out of his truck constituted an unreasonable use of deadly force in violation of the Fourth Amendment. *Tennessee v. Garner*, 471 U.S. 1, 3 (1985); *see also Cruz v. City of Anaheim*, 765 F.3d 1076, 1080-81 (9th Cir. 2014).

Second, taking the facts in the light most favorable to the plaintiff, the right to be free from excessive force was "clearly established." *Saucier*, 533 U.S. at 201. At the most basic level, Supreme Court and Ninth Circuit precedent make clear that "[l]aw enforcement officers may not shoot to kill unless, at a minimum, the suspect presents an immediate threat to the officer or others, or is fleeing and his escape will result in a serious threat of injury to persons." *Harris v. Roderick*, 126 F.3d 1189, 1201 (9th Cir. 1997)*; Garner*, 471 U.S. at 11. Moreover, in *Curnow v. Ridgecrest Police*, this court affirmed the denial of qualified immunity for an officer who used deadly force against a suspect who "did not point the gun at the officers and apparently was not facing them when they shot him the first time." 952 F.2d 321, 325 (9th Cir. 1991). Because the plaintiff has shown that there exists a genuine dispute of material fact as to the reasonableness of Heilman's conduct, and because under one version of the facts Heilman's conduct violated clearly established law, Heilman is not entitled to summary judgment on the basis of qualified immunity.

3

**AFFIRMED.**